

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-26-00277-CV

---

IN RE JOHNNY JOSEPH CHAVEZ III

---

ORIGINAL PROCEEDING

---

July 14, 2026

MEMORANDUM OPINION

Before DOSS and YARBROUGH and PRATT, JJ.

In this original habeas corpus proceeding, the trial court held Relator Johnny Jospeh Chavez III in contempt for failure to pay child support.  Because Relator's petition fails to comply with the requirements of Texas Rule of Appellate Procedure 52.3(b)–(i), we deny his habeas relief.

Relator advances the following complaints with regard to the contempt procedure and order: (1) the trial court failed to notify him to his right to counsel upon an indigency determination; (2) he was not properly noticed and served; (3) the trial court failed to make ability-to-pay findings; (4) he was denied due process and the trial court refused to consider evidence; (5) there were procedural violations regarding his affidavit of inability

to afford costs under Texas Rule of Civil Procedure 145; and (6) the judgment identified only one contempt finding for failure to pay, despite the petition alleging several violations.

However, beyond mere conclusory statements, Relator provides no substantive analysis of his arguments, citations to controlling case law, or references to the record.[1] Although Relator does provide a few sentences in his argument for his sixth ground, he still fails to cite any authority that would require a trial court to find and include more than one act of contempt to support the order here. Failure to include a substantive analysis and provide citations to relevant authority are grounds for denying relief. *See In re Kuhler*, 60 S.W.3d 381, 384 (Tex. App.—Amarillo 2001, no pet.) (orig. proceeding) (denying mandamus relief where relator made mere conclusory claims in his petition); *see also In re Moore*, No. 12-04-00229-CV, 2004 Tex. App. LEXIS 6266, *1 (Tex. App.—Tyler July 14, 2004, no pet.) (orig. proceeding) (denying habeas relief for failing to make a clear and concise argument with appropriate citations).

Because Relator failed to provide clear arguments for his complaint with appropriate citations to authority and the record, we deny his petition for writ of habeas corpus. *See* TEX. R. APP. P. 52.3(i).

Per Curiam

---

[1] Relator cites to two family code statutes regarding the requirements of a hearing and order on contempt but otherwise provides no analysis as to the effect of failure to comply with those requirements. To find the controlling authority for Relator, develop his argument, and then rule on it would take us out of our role as a neutral adjudicator and become his advocate—a role we cannot take. *See Bonner v. Mezzo Gardens LP*, No. 07-26-00051-CV, 2026 Tex. App. LEXIS 2013, *3 (Tex. App.—Amarillo June 29, 2026, no pet. h.) (mem. op.) (quoting *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.)).